UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LAWRENCE WRIGHT,                                                    Plaintiff,

v.                                                    Civil Action No. 3:19-cv-760-DJH

LOUISVILLE METRO POLICE DEPT. *et al.*,                            Defendants.

* * * * *

## MEMORANDUM OPINION

Plaintiff Lawrence Wright filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

## I. SUMMARY OF ALLEGATIONS

Plaintiff, a non-prisoner,[1] filed this action on October 22, 2019. He sues Defendants Louisville Metro Police Department (LMPD) and Officer Joseph Nett in his individual and official capacities. Plaintiff states that Defendants violated his constitutional rights. He states that Defendant Nett "false arrested I Lawrence Wright for a crime I didn't committ." He further states the following:

> I was wrongfully prosecuted in the state court room from February 4, 2017 – to May 22, 2019. Officer Joseph Nett with-held my evidence for years, and destroyed my life. Officer Joseph Nett with-held my evidence from March 27, 2017 to May 22, 2019. If Officer Joseph Nett would have presented my evidence to the court room years ago I would have never went through all the pain and suffering I did for years.

---

[1] Plaintiff identifies himself as a pretrial detainee in the complaint form, but he was not in fact incarcerated when he filed the complaint.

Plaintiff also states that Defendant Nett "destroyed my character and wasted my time for years, for a crime I didn't committ.  In the process I had to get put on medication because of all the stress Officer Joseph Nett put me through."  He further asserts, "[LMPD] stole my money, my freedom, my car, my cloths, and all my personal identification.  After being release from jail, I didn't have nothing.  Officer Joseph Nett unprofessional and bad behavior was wrong.  Officer Joseph Nett with-held my evidence for years."

Under a heading "Damages I'm seeking for relieve," Plaintiff states, "Wrongfully Imprisonment"; "60 Days in Jail"; Racial Profiling; Pain and Suffering; Police Misconduct; and "With-Held Evidence," along with a specific dollar amount for each.

As relief, Plaintiff seeks compensatory and punitive damages.

## II.  STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09.  Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  However, the duty "does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.  ANALYSIS

#### A.  *Statute of limitations*

Section 1983 does not contain its own statute of limitations period, but it is well-settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the

complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks and citations omitted)).

The Court construes Plaintiff's allegations that he was wrongly arrested and incarcerated for a crime that he did not commit as claims for false arrest and illegal search and seizure in violation of the Fourth Amendment. Plaintiff's arrest occurred on February 4, 2017.

"[A] claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox v. DeSoto*, 489 F.3d at 233 (citing *Wallace v. Kato*, 549 U.S. at 388). Therefore, Plaintiff's statute of limitations on this claim began to run on the date of his arrest, or at the latest on the date when Plaintiff was arraigned, which presumably was just a matter of days later. The statute of limitations, therefore, expired on or about February 4, 2018. Because the complaint was not filed until October 22, 2019, over a year and a half after the expiration of the limitations period, it is obvious on the face of the complaint that Plaintiff's claim for false arrest is untimely and must be dismissed as frivolous.

A claim of unlawful search and seizure under the Fourth Amendment accrues at the time of the alleged search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir.

2008) ("Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure."); *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) (same). Therefore, the one-year statute of limitations on Plaintiff's Fourth Amendment claim accrued on February 4, 2017, the date of the allegedly illegal seizure. The limitations period, therefore, expired one year later on February 4, 2018. Once again, Plaintiff's complaint was filed on October 22, 2019, over a year and half after the statute of limitations expired. Therefore, it is obvious on the face of the complaint that Plaintiff's Fourth Amendment claim is untimely and must be dismissed as frivolous.

Moreover, Plaintiff claims that Defendant Nett withheld evidence in his criminal action from March 27, 2017, to May 22, 2019. The Court construes the allegation to be a claim for violation of the Due Process Clause of the Fourteenth Amendment. A claim for denial of due process accrues at the time the plaintiff "knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)). Plaintiff states that Defendant withheld evidence starting in March 27, 2017. Therefore, the statute of limitations began to run in March 2018. *See Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) (holding that the plaintiff had reason to know of the alleged denial of due process when he "first encountered difficulty acquiring a building permit in 1996, five years before he filed suit"). Because Plaintiff states in the complaint that Defendant Nett allegedly withheld evidence in his case beginning on March 27, 2017, the statute of limitations expired on March 27, 2018. The complaint was filed on October 22, 2019, over a year and a half after the limitations period expired. Therefore, Plaintiff's due process claim based on Defendant Nett allegedly withholding evidence is time-bared and must be dismissed as frivolous.

Furthermore, to the extent that Plaintiff is alleging a separate claim for racial profiling, the claim also accrued on the date of Plaintiff's arrest. *See Delaney v. Johnson City, Tenn. Police Dep't*, No. 2:09-CV-269, 2011 U.S. Dist. LEXIS 11784, at *8 (E.D. Tenn. Feb. 4, 2011) (indicating plaintiff's racial profiling claim accrued on June 25, 2008, the date of the traffic stop). Therefore, a claim for racial profiling is also time-barred and must be dismissed.

### B. Property claim

Finally, Plaintiff states, "[LMPD] stole my money, . . . my car, my cloths, and all my personal identification." The Court construes this allegation as a claim for deprivation of his property in violation of the Due Process Clause of the Fourteenth Amendment. He does not state when this allegedly occurred. However, the Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. (1986). In order to assert a claim for deprivation of property without due process under § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44. The law of this circuit is in accord. The Sixth Circuit held that "[i]n § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Accordingly, Plaintiff's claim related to the loss of his personal property must be dismissed for failure to state a claim upon which relief may be granted.

6

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date:

cc:      Plaintiff, *pro se*
         Defendants
4415.010